UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMALH ANTHONY WILSON,<br><br>Plaintiff,<br><br>v.<br><br>STRYDER MOTOFRFREIGHT USA INC.,<br>STRYDER MOTORFREIGHT CANADA<br>LTD.,<br><br>Defendants. | Case No. 21-CV-349-RSL<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on its review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. # 5. On March 15, 2021, plaintiff attempted to file a motion for leave to proceed *in forma pauperis* (IFP), but the proper IFP form was not submitted. See Dkts. # 1, # 2. On March 27, 2021, plaintiff filed the proper form. See Dkt. # 3. The Court granted plaintiff's IFP application on March 30, 2021 and recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. # 4.

This Court may dismiss an IFP case at any time if it determines that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). And the Court must dismiss any action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of establishing all jurisdictional facts. See United States v. Orr Water Ditch Co., 600 F.3d 1152, 1157 (9th Cir. 2010). Plaintiff has alleged that subject-matter jurisdiction exists on

ORDER TO SHOW CAUSE - 1

the basis of both diversity of citizenship (per 28 U.S.C. § 1332) and federal question jurisdiction (per 28 U.S.C. § 1331).

With respect to diversity of citizenship, federal courts require "complete" diversity of citizenship of the parties. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Plaintiff has alleged that he is a citizen of the State of Washington. Dkt. # 5 at 3. Plaintiff is suing two defendants: Stryder Motorfreight, USA, Inc. and Stryder Motorfreight, Canada, Ltd. Dkt. # 5 at 2. The defendants are corporations, which means that they are citizens of "every State and foreign state by which [they] ha[ve] been incorporated and of the State or foreign state where [they] ha[ve] [their] principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff asserts, somewhat confusingly, that the first defendant, Stryder Motorfreight, USA, Inc., is incorporated under the laws of the State of Washington and has its principal place of business in British Columbia. Dkt. # 5 at 4. Given that plaintiff alleges that Stryder Motorfreight, USA, Inc., is incorporated under the laws of the State of Washington, it is a citizen of this state. Because both plaintiff and Stryder Motorfreight, USA, Inc. are citizens of Washington State, complete diversity does not exist, and diversity of citizenship cannot serve as a basis for this Court's jurisdiction.

Federal question jurisdiction requires that the action arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant cites two federal statutes as the basis for federal question jurisdiction: (1) the Equal Pay Act of 1963 and (2) Title VII of the Civil Rights Act of 1964. Dkt. # 5 at 3. Plaintiff has not yet alleged facts to support a claim for relief under these federal laws, however. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533–34 (9th Cir. 1984)). The Equal Pay Act of 1963 ("Equal Pay Act") prohibits

ORDER TO SHOW CAUSE - 2

sex-based wage discrimination between men and women who perform jobs that require substantially equal skill, effort, and responsibility under similar working conditions. See 29 U.S.C. § 206(d). As for Title VII of the Civil Rights Act of 1964 ("Title VII"), this federal law prohibits employment discrimination based on race, color, religion, sex, and national origin. See 42 U.S.C. §§ 2000e–2000e-17. Because none of plaintiff's allegations pertain to discrimination on the applicable bases of these federal laws, plaintiff's complaint fails to state a claim to relief that is plausible on its face under the Equal Pay Act or Title VII.[1]

     Plaintiff's complaint also makes allegations related to a rule issued by the Federal Motor Carrier Safety Administration ("FMCSA"). See Dkt. # 5 at 6 (referencing "a 30 minute break rule that went into effect on September 28th, 2020 by the FMCSA"). Plaintiff likely intended to invoke 49 C.F.R. § 395.3(a)(3)(ii), one of the Hours of Service rules issued by FMCSA effective September 29, 2020. See "Hours of Service (HOS)," FMCSA, https://www.fmcsa.dot.gov/regulations/hours-of-service (last visited March 31, 2021). Plaintiff characterizes the relevant rule as stating that drivers of commercial motor vehicles "could take their required break on-duty and the company would pay them for it," Dkt. # 5 at 6, but this is not wholly accurate. Section 395.3(a)(3)(ii) prohibits motor carriers from permitting or requiring certain drivers to drive more than 8 hours without a "30-minute interruption in driving status." 49 C.F.R.

---

[1] For example, if plaintiff seeks to maintain a claim for disparate treatment under Title VII, he must allege facts showing: "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225 F.3d 1115, 1123 (9th Cir. 2000). In a similar vein, if plaintiff seeks to maintain a claim for discriminatory harassment and hostile work environment under Title VII, he must allege facts showing: "(1) the defendants subjected [him] to verbal or physical conduct based on [his protected characteristic]; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Surrell v. Cal. Water Servs. Co., 518 F.3d 1097, 1108 (9th Cir. 2008). Additionally, in order to state a viable claim for retaliation under Title VII, plaintiff must allege facts demonstrating that: (1) he "engaged in a protected activity"; (2) he "suffered an adverse employment action"; and (3) "there was a causal link between" his "protected activity and the adverse employment action." Poland v. Chertoff, 494 F.3d 1174, 1179–80 (9th Cir. 2007). An employee has engaged in a protected activity if he (1) has "opposed any practice made an unlawful employment practice by this subchapter" or (2) "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a); Thomas v. City of Beaverton, 379 F.3d 802, 811 (9th Cir. 2004).

ORDER TO SHOW CAUSE - 3

§ 395.3(a)(3)(ii). The 30-minute interruption in driving status may be satisfied by off-duty or on-duty time. Id. Plaintiff's concern appears to be that defendants were allegedly subtracting pay from drivers who took some or all of the 30-minute period and did not subtract pay from employees who did not "write down a break on their trip sheet." Dkt. # 5 at 6. It is unclear whether the drivers in question triggered entitlement to the 30-minute interruption of driving status under § 395.5(a)(3)(ii) because plaintiff did not allege any facts regarding the lengths of the drive-times. If plaintiff intends to make a claim that defendants violated § 395.3(a)(3)(ii), plaintiff should allege facts establishing that defendants permitted or required drivers to drive more than 8 hours without a 30-minute interruption in driving status.

Additionally, § 395.3(a)(3)(ii) does not address whether the 30-minute period must be paid time, but plaintiff's complaint seems to imply that defendants were in the wrong because of pay deductions related to employees taking the 30-minute period. It is possible that plaintiff is seeking to claim that defendants violated another federal law, the Fair Labor Standards Act ("FLSA"), e.g., by not paying minimum wages and overtime for all hours worked, but it is unclear whether plaintiff is alleging that the pay deductions were for hours worked or for off-duty time. If plaintiff intends to make a claim that defendants violated the FLSA, plaintiff should clarify that point and allege facts further explaining the circumstances of the pay deductions at issue, namely, how they violated the FLSA.[2]

Moreover, if plaintiff seeks to maintain a claim for FLSA retaliation, he must allege facts demonstrating that: (1) he "engaged in statutorily protected conduct" under § 215(a)(3) of the FLSA, "or the employer must have erroneously believed" the he engaged in this conduct; (2) he "suffered some adverse employment action"; and (3) "a causal link must exist between the plaintiff's conduct and the employment action." Mayes v. Kaiser Found. Hosp., 917 F. Supp. 2d 1074, 1080 (E.D. Cal. 2013); See 29 U.S.C. § 215(a)(3) (reflecting that statutorily protected conduct includes when an employee "has filed any complaint or instituted or caused to be

---

[2] As may be relevant here, the FLSA provides a national minimum hourly wage (29 U.S.C. § 206), mandatory overtime compensation (29 U.S.C. § 207), and it requires employers to maintain accurate employee records (29 U.S.C. § 211).

ORDER TO SHOW CAUSE - 4

instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee"). A plaintiff may engage in statutorily protected conduct under § 215(a)(3) when he or she complains to an employer about violations of the FLSA. Lambert v. Ackerley, 180 F.3d 997, 1002–08 (9th Cir. 1999). While plaintiff refers in his complaint to sending an email to Arti Prasad about the "conversations with other drivers about pay issues," plaintiff's topic of concern appears associated with the pay differential between new hires and existing employees, which is not, by itself, problematic under the FLSA (or the Equal Pay Act or Title VII). Dkt. # 5 at 6. Similarly, plaintiff refers in his complaint to informing "the company" about the 30-minute period associated with the new FMSCA rule, discussed above, but it is unclear whether plaintiff complained to defendants regarding FLSA violations. Id.

Plaintiff is therefore ORDERED TO SHOW CAUSE by filing an amended complaint on or before May 14, 2021, that establishes why the above-captioned matter should not be dismissed for failure to state a claim that would support federal jurisdiction. Any amended complaint must state plaintiff's claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id. The Clerk of the Court is directed to place this order to show cause on the Court's calendar for May 14, 2021.

DATED this 13th day of April, 2021.

*M\M S Lasnik*
Robert S. Lasnik
United States District Judge